**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LAWRENCE ATKINS,

                                    Plaintiff,

      - v -                                                    5:25-CV-322
                                                                                 (BKS/DJS)

NATHANIEL BARNES, MICHAEL BUFANO, and
EDWARD PICKARD,

                                    Defendants.

**APPEARANCES:**                                      **OF COUNSEL:**

LAWRENCE ATKINS
Plaintiff, *Pro Se*
Auburn, New York 13021

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

The Clerk has sent the undersigned Plaintiff's civil Complaint for review

pursuant to 28 U.S.C. § 1915(e).  Dkt. No. 1, Compl.  Plaintiff has not paid the filing

fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP").  Dkt. No. 2,

IFP App.  The Complaint alleges excessive force, retaliation, and violations of Plaintiff's

Fourth, Fifth, and Eighth Amendment rights.  Compl. at pp. 6-7.  The federal basis for

the asserted claims is *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388

(1971).  *Id.* at p. 1.

---

[1] This matter was referred to the undersigned pursuant to L.R. 72.3(d).

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with his action *in forma pauperis*. *See id.* In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

Plaintiff alleges that on July 10, 2023, he was sleeping in a backyard shed when he "woke up to being [tased]" and body slammed by the Defendants. Compl. at p. 4. As a result of the alleged incident, Plaintiff went to the hospital and suffers from Post Traumatic Stress Disorder. *Id.* at pp. 4-5. According to Plaintiff, Defendants' actions

constituted excessive force, retaliation, and amounted to Fourth, Fifth, and Eighth Amendment violations.

### C.  Analysis of the Complaint

It has long been established that *Bivens* claims can only be asserted against federal officials in their individual capacities for alleged violations of constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*. 403 U.S. 388.  State and local officials acting under color of state law on the other hand may be sued under 42 U.S.C. § 1983.  *See, e.g.*, *In re NYAHSA Litig.*, 318 F. Supp. 2d 30, 38 (N.D.N.Y. 2004).

Here, Plaintiff's *Bivens* claims are asserted against police officers Barnes, Bufano, and Pickard.  Compl. at p. 1.  Each officer is a local official, as Plaintiff alleges they are members of the Auburn Police Department in New York State.  *Id.* at p. 2. Because they are not federally employed, a *Bivens* claim is not appropriate.  However, Courts have construed *Bivens* claims as § 1983 claims where that is what the plaintiff ostensibly intended.  *See, e.g.*, *Pike v. United States*, 868 F. Supp. 2d 667, 678 (M.D. Tenn. 2012) ("[C]ourts within and outside of the Sixth Circuit have often exercised their discretion to construe § 1983 claims as *Bivens* claims (or vice-versa).").  Accordingly, Plaintiff's mischaracterization of his action as a *Bivens* claim against state officials will not preclude the Complaint from moving forward.  Instead, consistent with Second Circuit precedent that pro se pleadings be liberally construed, *Schwartz v. United States*,

888 F. Supp. 24, 25 (S.D.N.Y. 1995), the Court treats Plaintiff's claims as brought under 42 U.S.C. § 1983.

## 1. Excessive Force

"A claim that excessive force was used in the course of a seizure is subject to an objective test of reasonableness under the totality of the circumstances, which requires consideration of the specific facts in each case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of others and whether he is actively resisting arrest." *Sullivan v. Gagnier*, 225 F.3d 161, 165 (2d Cir. 2000). Here, Plaintiff alleges that he was asleep when he was woken up by being physically assaulted and tased by Defendants. Compl. at p. 4. At this stage in the proceedings, those allegations constitute "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570.

## 2. Remaining Claims

However, all of Plaintiff's remaining claims should be dismissed with leave to amend. First, to establish a retaliation claim, a plaintiff must demonstrate that (1) they engaged in a constitutionally protected activity, (2) the defendant took adverse action against the plaintiff as a result, and (3) a causal link between the protected activity and the adverse action exists. *Walker v. Senecal*, 130 F.4th 291, 298 (2d Cir. 2025). Here, Plaintiff alleges that he was sleeping in a backyard shed when he was awoken by Defendants' attack. Compl. at p. 4. Nowhere in Plaintiff's Complaint does he allege

that he engaged in constitutionally protected conduct or connect that conduct to Defendants' alleged actions. *See* Compl. at p. 7. Therefore, Plaintiff has not stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570.

Similarly, Plaintiff raises the Fifth Amendment's "provisions concerning due process of law and just compensation claims," Compl. at p. 7, but offers no factual basis on which it appears that he was denied due process. This claim also should be dismissed based on insufficient pleading.

The Complaint also asserts a claim, presumably under the Eighth Amendment, for cruel and unusual punishment. The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). It is well-settled that the Eighth Amendment does not apply to individuals who "have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Here, Plaintiff does not allege that he was a prisoner at the time of the alleged incident. *See generally* Compl. Instead, he alleges that he was in a backyard shed when the altercation took place. *Id.* at p. 4. Given the fact that the Eighth Amendment does not apply to Plaintiff's factual scenario, this claim should likewise be dismissed.

Lastly, Plaintiff's Complaint cites the Fourth Amendment without any factual elaboration of how it was violated.  Compl. at pp. 4 & 7.  The Fourth Amendment protects individuals against unreasonable searches and seizures.  A "search" under the Fourth Amendment occurs when the government intrudes upon an individual's reasonable expectation of privacy or physically trespasses on their person, house, papers, or effects to obtain information.  *United States v. Smith*, 967 F.3d 198, 205 (2d Cir. 2020).  Plaintiff alleges that Defendants assaulted him in a backyard.  Compl. at p. 4.  Even liberally construed, these allegations do "not provide [D]efendant[s] with fair notice" of Plaintiff's claim.  *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 607 (E.D.N.Y. 2013).  Accordingly, this claim too should be dismissed with leave to amend.

### D.  Leave to Amend

Generally "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991).  The deficiencies identified above could potentially be rectified by more detailed pleading and so the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend.  Plaintiff is advised that any such amended complaint shall supersede and replace in its entirety the previous Complaint filed by Plaintiff. If this recommendation is accepted and Plaintiff is permitted to amend his Complaint, Plaintiff

is further warned that the failure to submit an amended complaint could result in dismissal of this action.

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's excessive force claim be permitted to proceed and that Defendants be directed to respond to it; and it is

**RECOMMENDED**, that Plaintiff's remaining claims be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

& 6(a).

Date:   April 8, 2025
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge